```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Province Lake Golf Enters.,
Inc., and PLG Holding LLC

   v.                                           Civil No. 20-cv-309-JD
                                                Opinion No. 2020 DNH 113

Philadelphia Indemnity
Ins. Co.


## O R D E R

Province Lake Golf Enterprises, Inc., and PLG Holding LLC (collectively, "PLG") brought this insurance coverage action against Philadelphia Indemnity Insurance Company.  PLG alleges claims for breach of contract and claims for violations of the Maine Unfair Claims Settlement Practices Act, 24-A Me. Rev. Stat. Ann. ("M.R.S.A.") § 2436-A; the New Hampshire Unfair Insurance Trade Practices Act, RSA Chapter 417; the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A; and the New Hampshire Consumer Protection Act, RSA 358-A:2.

Philadelphia Indemnity moves to dismiss (doc. no. 8) the Amended Complaint in part.  Specifically, Philadelphia Indemnity moves to dismiss PLG Holding LLC as a plaintiff for lack of standing and moves to dismiss Counts II and III of the Amended Complaint for failure to state a claim upon which relief can be granted.  PLG objects to dismissal.

Standard of Review

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court asks whether the plaintiff has made allegations that are sufficient to render his entitlement to relief plausible.  Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013).  The court accepts all well-pleaded facts as true and draws all reasonable inferences in the non-moving party's favor.  Hamann v. Carpenter, 937 F.3d 86, 88 (1st Cir. 2019).  The court disregards conclusory allegations that simply parrot the applicable legal standard.  Manning, 725 F.3d at 43.  To determine whether a complaint survives a motion to dismiss, the court should use its "judicial experience and common sense," but should also avoid disregarding a factual allegation merely because actual proof of the alleged facts is improbable.  Id.

Background

A.   Province Lake Golf

Province Lake Golf is an eighteen-hole golf course located in Parsonsfield, Maine, and Effingham, New Hampshire.  Plaintiff PLG Holding LLC owns one part of the property, all of which is located in Parsonsfield.  The property owned by PLG Holding LLC included a building that was used as a clubhouse, restaurant, and pro shop (the "clubhouse building").  Non-party Edge Lake

Associates LLC owns other parts of the golf course located in both Parsonsfield and Effingham.

Plaintiff Province Lake Golf Enterprises ("PLG Enterprises") is an operating entity that leases the properties from PLG Holding LLC and Edge Lake Associates LLC.  PLG Enterprises obtained insurance for the property through an insurance agent in North Conway, New Hampshire.  The same family controls all the entities.

B.   Clubhouse Fire & Replacement Coverage Claim

Late on March 7, 2018, a fire started at the clubhouse building.  The fire continued through the early morning of March 8, resulting in the building's destruction.  PLG notified its insurance agent about the fire on March 8.  PLG filed claims under several different coverages, including a claim for the replacement cost of the clubhouse building.

Philadelphia Indemnity hired Peter Riesbeck and Brian Vanderhoff to provide a valuation of the loss and cost of replacement.  Risebeck told PLG that the claim should not exceed $1.977 million or PLG would face a co-insurance penalty.  On March 31, Philadelphia Indemnity, based on evaluations from Riesbeck and Vanderhoff, "reserved" a replacement estimate of approximately $1.99 million.  Doc. 5 ¶ 49.

Additionally, Philadelphia Indemnity asserted that it would withhold approximately $570,000 of its estimate amount as a "depreciation holdback." Philadelphia Indemnity told PLG that the depreciation holdback amount would be paid when the rest of the payment amount was spent. Philadelphia Indemnity made its first payout, for $150,000, to PLG in April 2018.

In early May 2018, PLG filed a preliminary statement of loss, claiming a $2.97 million replacement cost for the building. Doc. 5 ¶ 44. Philadelphia Indemnity accepted PLG's loss amount for the building and property in July 2018. Philadelphia Indemnity, however, maintained that a depreciation holdback of approximately twenty-eight percent ($830,564) should apply. Philadelphia Indemnity made a payment of $750,000 in May 2018 and a payment of $730,000 in August 2018.

PLG alleges that a full payment for the loss was due within thirty days of the statement of loss's submission and an agreement on the amount of loss. PLG alleges that it and Philadelphia Indemnity agreed that the loss was at least $1.99 million in May 2018 and that they agreed the loss was approximately $2.97 million in July 2018. PLG asserts that Philadelphia Indemnity failed to pay the amount due within thirty days. PLG also asserts that Philadelphia Indemnity improperly withheld $830,564 as a depreciation holdback.

4

### C. Co-Insurance Penalty

In addition to delaying payment, PLG alleges that Philadelphia Indemnity overinflated the value of other structures/improvements on the property, which were undamaged by the fire, for the purpose of increasing or creating a co-insurance penalty and reducing the amount owed by Philadelphia Indemnity.  PLG alleges that Philadelphia Indemnity also misrepresented the applicable terms of the policy by insisting that the value of an irrigation system that was exempted from coverage counted for purposes of determining the co-insurance penalty.

### D. Other Coverages Claims

PLG further alleges misconduct in Philadelphia Indemnity's handling of claims stemming from the fire under coverages other than replacement cost coverage for the clubhouse building.  For example, PLG alleges that Philadelphia Indemnity delayed paying a claim under business personal property coverage for several months after agreeing to the amount of loss.  PLG alleges that Philadelphia Indemnity delayed payment to leverage a settlement of the claims on favorable terms.  PLG alleges that Philadelphia Indemnity similarly delayed or refused payment under coverages for business interruption, commercial inland marine property,

computers, building demolition, personal effects, fine arts, and property of others.

E. Claims

PLG's Amended Complaint contains three counts. In Count I, PLG alleges that Philadelphia Indemnity breached the insurance contract. In Count II, PLG brings claims under both the Maine Unfair Claims Settlement Practices Act, 24-A M.R.S.A. § 2436-A ("Count II-ME") and the New Hampshire Unfair Insurance Trade Practices Act, RSA Chapter 417 (Count II-NH). In Count III, PLG brings claims under the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A ("Count III-ME") and the New Hampshire Consumer Protection Act, RSA 358-A:2 ("Count III-NH").

## Discussion

Philadelphia Indemnity moves to dismiss PLG Holding LLC as a plaintiff for lack of standing. Philadelphia Indemnity also moves to dismiss all parts of Counts II and III of the Amended Complaint. PLG objects to dismissal of PLG Holding LLC and to dismissal of Counts II and III. Philadelphia Indemnity replied and PLG filed a surreply.

A. PLG Holding LLC's Standing

Philadelphia Indemnity argues that PLG Holding LLC lacks standing to bring any claims based on the insurance contract

6

because PLG Holding LLC was not listed as a named insured on the named insureds schedule, which Philadelphia Indemnity attached to its motion to dismiss.[1]  PLG responds, arguing that PLG Holding LLC is an intended insured under the contract.  PLG argues that "Province Lake Holdings LLC" is listed on the named insureds schedule, and it argues that "Province Lake Holdings, LLC" is meant to be PLG Holding LLC but Philadelphia Indemnity mistakenly wrote the wrong name when creating the schedule.[2]

The Constitution requires that a party bringing suit have standing to bring the suit, that is, "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends." Katz v. Pershing, LLC, 672 F.3d 64, 71 (1st Cir. 2012) (quoting Baker v. Carr, 369 U.S. 186, 204

---

[1] Ordinarily, when considering a motion to dismiss the court is limited to the facts alleged in the pleadings, but when jurisdiction is challenged the court may consider materials outside the pleadings.  See Skwira v. United States, 344 F.3d 64, 71-72 (1st Cir. 2003).

[2] In its reply, Philadelphia Indemnity offered to withdraw its argument that PLG Holding LLC lacked standing if PLG stipulated "that the entity named in the Policy, Province Lake Holdings, LLC, is not a separate and distinct entity intended to be insured by the Policy, but rather is a misnomer for PLG Holding LLC, which is the entity that Plaintiffs intended to insure."  Doc. 10 at 2.  PLG filed a surreply, but did not indicate whether it agreed to Philadelphia Indemnity's stipulation.  With no indication from PLG or Philadelphia Indemnity that the condition for withdrawing the argument is met, the court does not deem Philadelphia Indemnity's argument withdrawn.

(1962)).  Standing has three elements: injury in fact, causation, and redressability.  Id. at 71-72.  "[S]tanding also has prudential dimensions," which require the plaintiff to show, inter alia, "that his claim is premised on his own legal rights . . . ."  Id. at 72.  In this case, Philadelphia Indemnity's challenge to PLG Holding LLC's standing is premised on the ground that a non-party to a contract does not have a legal right to enforce it.  See DiMillo v. Travelers Prop. Cas. Co. of Amer., 789 F. Supp. 2d 194, 203 (D. Me. 2011).

One of the entities listed on the additional insureds schedule, "Province Lake Holdings, LLC", is highly similar to "PLG Holding LLC".  PLG contends that "Province Lake Holdings LLC" is a misnomer and is meant to refer to PLG Holding LLC.  The facts alleged in the Amended Complaint support PLG's contention: PLG Holding LLC owned the property covered by the insurance agreement, PLG Holding LLC contracted with PLG Enterprises to lease and manage the property, and PLG Enterprises, consistent with its arrangement with PLG Holding LLC, insured the property and made a claim to Philadelphia Indemnity after the fire.  From these facts, it can be reasonably inferred that the additional insured on the policy identified as "Province Lake Holdings LLC" is a misnomer for "PLG Holding LLC."  Therefore, Philadelphia Indemnity's motion to dismiss is denied as to PLG Holding LLC's standing.

B. <u>Count II-ME (Maine Unfair Claims Settlement Practices Act)</u>

In Count II-ME, PLG alleges that Philadelphia Indemnity violated the Maine Unfair Claims Settlement Practices Act, 24-A M.R.S.A. § 2436-A.  Under the Maine Unfair Claims Settlement Practices Act the following acts are prohibited:

- A. Knowingly misrepresenting to an insured pertinent facts or policy provisions relating to coverage at issue;
- B. Failing to acknowledge and review claims, which may include payment or denial of a claim, within a reasonable time following receipt of written notice by the insurer of a claim by an insured arising under a policy;
- C. Threatening to appeal from an arbitration award in favor of an insured for the sole purpose of compelling the insured to accept a settlement less than the arbitration award;
- D. Failing to affirm or deny coverage, reserving any appropriate defenses, within a reasonable time after having completed its investigation related to a claim; or
- E. Without just cause, failing to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear.

24-A M.R.S.A. § 2436-A(1).  The statute defines "without just cause" as refusing "to settle claims without a reasonable basis to contest liability, the amount of any damages or the extent of any injuries claimed."  <u>Id.</u> § 2436-A(2).

Philadelphia Indemnity contends that <u>Marquis v. Farm Family Mut. Ins. Co.</u>, 628 A.2d 644 (Me. 1993), requires that complaints alleging violations of § 2436-A identify the specific subsection

9

of § 2436-A that the defendant is alleged to have violated. Marquis, however, merely held that, after successfully prosecuting a different claim, a plaintiff cannot use § 2436-A to obtain statutory interest and attorneys' fees if he never pleaded or proved a claim under § 2436-A. Marquis, 628 A.2d at 651-52 ("[T]he failure by the plaintiffs to allege and prove a specific violation precludes recovery under the statute. Accordingly, the trial court correctly denied awarding statutory interest and attorney fees on the basis of a violation of section 2436-A."). Furthermore, under the Federal Rules of Civil Procedure, a complaint need only provide a short and clear statement of the claim showing that the complaining party is entitled to relief. Fed. R. Civ. P. 8(a)(2); Manning, 725 F.3d at 43.

In this case, the Amended Complaint is sufficiently specific to provide Philadelphia Indemnity notice of the statutory basis for the claims under § 2436-A. Apart from the factual allegations made to support the legal conclusions, the Amended Complaint sums up the legal basis for the allegations in Count II-ME by mirroring the language of § 2436-A:

> Philadelphia committed unfair claim practices by: knowingly misrepresenting to insureds relevant facts or policy provisions related to coverages at issue; failing to acknowledge with reasonable promptness pertinent written communications with respect to claims arising under its policies; failing to adopt and implement reasonable standards for the prompt

>investigation and settlement of claims arising under its policies; failing to develop and maintain documented claim files supporting decisions made regarding liability; refusing to pay claims without conducting a reasonable investigation; and failing to affirm coverage or deny coverage, reserving any appropriate defenses, within a reasonable time after having completed its investigation related to a claim.

Doc. 5 ¶ 194.

Philadelphia Indemnity further argues that § 2436-A(2) creates a safe harbor from liability if the insurer had a reasonable basis to contest coverage. Philadelphia Indemnity asserts that the facts in the Amended Complaint show that it had a "reasonable basis for the few remaining disputed issues" and that it had a "legitimate doubt" about coverage. Doc. 8-1 at 13.

Taking the facts in the complaint as true and construing the reasonable inferences in PLG's favor, a jury could conclude that Philadelphia did not have a reasonable basis to contest coverage. For example, PLG alleges that Philadelphia Indemnity's adjustors intentionally overvalued property to create a co-insurance penalty and delayed payment under other coverages about which there was no dispute. Philadelphia Indemnity's motion to dismiss is denied as to Count II-ME.

C.  Count II-NH

Under RSA 417:4, an insurer is prohibited from certain unfair settlement practices in New Hampshire similar to those

11

prohibited under § 2436-A in Maine.  See RSA 417:4(XV)(a) ("Any of the following acts by an insurer, if committed without just cause and not merely inadvertently or accidentally, shall constitute unfair claim settlement practices . . . ."). Philadelphia Indemnity argues that a prerequisite for the filing of a claim for violations of RSA 417:4 is a finding of violations by the New Hampshire Insurance Commissioner. Philadelphia Indemnity argues that the Commissioner has not found any violations here.  PLG acknowledges that "certain trial courts" have held that a ruling by the Commissioner is a necessary prerequisite, but it argues that the New Hampshire Supreme Court has never held as such.  Doc. 9 at 18.

The First Circuit, however, has held that a ruling from the Commissioner is a necessary prerequisite to bringing a claim for violations of RSA 417:4.  Hunt v. Golden Rule Ins. Co., 638 F.3d 83, 88 (1st Cir. 2011).  Specifically, in Hunt, the First Circuit stated that the New Hampshire Supreme Court would require a finding from the Commissioner that the insurer violated RSA 417:4 before permitting any private action from a consumer.  Id. ("If there is to be a declaration that [the defendant] has violated Chapter 417, it must first come from the New Hampshire insurance commissioner."); see also U.S. Bank, N.A. v. Foremost Ins. Co., 2017 WL 2592420, at *3 (D.N.H. June 14, 2017) ("[A] finding by the insurance commissioner that a

12

supplier has violated chapter 417 is a prerequisite to bringing a private action."). PLG has not alleged that the New Hampshire Insurance Commissioner has found that Philadelphia Indemnity violated RSA 417:4. Accordingly, PLG's claim alleging violations of RSA 417:4 (Count II-NH) is dismissed.

The parties also argue about whether evidence that Philadelphia Indemnity violated RSA 417:4 may be presented in support of an argument that Philadelphia Indemnity violated RSA 358-A:2. That discussion, however, is not relevant to the issues at hand. Therefore, the court declines to address the parties' arguments on that subject.

D. Count III-ME

PLG alleges a claim under 5 M.R.S.A. § 205-A, the Maine Unfair Trade Practices Act. Philadelphia Indemnity argues that an action under § 205-A is only available to non-business entities. PLG argues that it is family-owned and operated, so purchases it makes fall within the scope of § 205-A.

A private right of action under § 205-A exists for "[a]ny person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes . . . ." 5 M.R.S.A. § 213(1). The phrase "personal, family or household purposes" in § 213(1) excludes commercial purposes. Summit Auto Sales, Inc. v. Draco, 2017 WL 3896691, at

13

\*14 (N.D. Ala. Sept. 6, 2017) (stating that the Maine Unfair Trade Practices Act did not apply because the plaintiff-business "unquestionably purchased the [products] at issue here for commercial purposes); Oliver Stores v. JCB, Inc., 2012 WL 4755378, at \*3 (D. Me. Oct. 5, 2012). The facts of the Amended Complant show that the purchase of insurance by PLG was not for the family that owned the business, but for the business itself. Therefore, Count III-ME is dismissed.

E. Count III-NH

Lastly, Philadelphia Indemnity argues that PLG's claim under the New Hampshire Consumer Protection Act, RSA 358-A:2, fails because a claim under RSA 358-A:2 can only be brought if the wrongful conduct occurred within New Hampshire. Philadelphia Indemnity contends that wrongful conduct for the purpose of RSA 358-A:2 occurs within New Hampshire only if New Hampshire was the "locus" of the conduct, meaning when a misrepresentation is received in New Hampshire. Philadelphia Indemnity further asserts that an out-of-state defendant can only be liable under the RSA 358-A:2 if its conduct harmed a New Hampshire entity and impaired the entity's ability to do business in New Hampshire. Philadelphia Indemnity — a Pennsylvania entity — contends that the two plaintiffs are Maine entities not New Hampshire entities, which precludes them from pursuing an action under RSA 358-A:2. Philadelphia Indemnity

adds that the property at issue and subject to the insurance contracts at issue are in Maine. PLG responds, arguing that "meetings and communications" occurred in New Hampshire and are sufficient to trigger liability under the Consumer Protection Act.

To be actionable, conduct that offends RSA 358-A:2 must occur "within this state." RSA 358-A:2; Wilcox Indus. Corp. v. Hansen, 870 F. Supp. 2d 296, 305 (D.N.H 2012) ("The NHCPA permits relief only for unfair competition that occurs 'within this state.'"). As it stands, the Amended Complaint does not allege facts from which it can be reasonably inferred that the alleged offending conduct occurred in New Hampshire. Rather, the Amended Complaint merely states that meetings occurred and communications were received in New Hampshire, but it does not identify any specific conduct that occurred in New Hampshire that PLG claims was in violation of the Consumer Protection Act. See Hansen, 870 F. Supp. 2d at 305 (dismissing claim under Consumer Protection Act because "[t]here is simply no allegation that any offending conduct occurred in New Hampshire").

In its opposition, PLG requests an opportunity to amend its complaint to provide more detail about where certain conversations took place if the court finds the complaint to be presently insufficient. Under the court's local rules, a motion for affirmative relief cannot be combined with an objection.

LR 7.1(a)(1) ("Objections to pending motions and affirmative motions for relief shall not be combined in one filing."). If PLG wants to seek leave to file an amended complaint, it must ask through a separate motion. Count III-NH is dismissed without prejudice.

## Conclusion

For the foregoing reasons, Philadelphia Indemnity's motion to dismiss (doc. no. 8) is granted in part and denied in part. The motion is denied as to PLG Holding LLC's standing. The motion is denied as to Count II-ME. The motion is granted as to Count II-NH and Count III. Count II-NH and Count III-ME are dismissed with prejudice. Count III-NH is dismissed without prejudice.

SO ORDERED.

                                                    _____
                                                    Joseph A. DiClerico, Jr.
                                                    United States District Judge

July 7, 2020

cc:   Counsel of Record